UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-25029

JOSE ESPITIA,

    Plaintiff,

vs.

EVENTLUXE RENTALS, LLC,
and GUSTAVO BALMELLI,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, Jose Espitia, sues Defendants, Eventluxe Rentals, LLC, and Gustavo Balmelli, based on the following good cause:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Jose Espitia**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203 (d) who consents to participate in this lawsuit.

2. **Defendant, Eventluxe Rentals, LLC**, is a *sui juris* Florida Limited Liability Company with its principal place of business and it conducts its for-profit business in Miami-Dade County.

3. **Defendant, Gustavo Balmelli**, was and is the owner / officer/ director of the Corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

1

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

5. All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims.

7. Venue is proper pursuant to 28 U.S.C. §1391 (b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County where payment was to be received.

### *Background Facts*

8. Defendants have been at all times material engaged in interstate commerce in the course of the goods and services they render for which, traditionally, cannot be performed without using materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendants also communicate with their workers by regularly and routinely using telephone, Internet, and/or facsimiles.

10. Furthermore, Defendants engage in interstate commerce in the course of their regular business as they provide services to its customers found outside of the State of Florida.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. In particular, Defendants own and operate a business that rents out furniture such as tables, chairs, etc., to its customers in order for the customers to throw events for their personal and/or professional use. Moreover, the Defendants' business offers custom design and

fabrication services to its customer and uses tools, machinery, equipment, lumber, and materials, and supplies that were previously placed in the stream of commerce from outside the State of Florida before being in this District to engage in interstate commerce.

13. Plaintiff worked in a non-exempt capacity for Defendants.

14. In particular, Plaintiff worked for Defendants as a Warehouse Laborer and Driver where he would load furniture from Defendants' place of business, drive the furniture to the customers' location, and unload said furniture for the Customers' use.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each day, such records are in the exclusive custody of Defendants.

16. Plaintiff worked for Defendants from approximately October 16, 2019 through October 26, 2019.

17. From Approximately October 16, 2019 through October 26, 2019, Defendants required that Plaintiff perform work at the job site and at customer's homes and/or place of business.

18. From approximately October 16, 2019 through October 26, 2019, Defendants agreed to pay Plaintiff an hourly rate of $10.00 per hour for each hour worked.

19. From October 16, 2019 through October 26, 2019, Plaintiff worked a total of eighty-four and a half (84 1/2) hours for Defendants.

20. However, from October 16, 2019 through October 20, 2019, Defendants failed to pay Plaintiff for thirty-eight (38) hours worked.

21. Therefore, Defendants owe Plaintiff compensation for thirty-eight (38) hours worked from October 16, 2019 through October 20, 2019.

22. Then, again from October 21, 2019 through October 26, 2019, Defendants failed to pay Plaintiff for forty-six and a half (46 1/2) hours worked, which includes six and a half (6.5) hours of overtime that should be paid at a rate equal to $15.00 per hour.

23. In total, Defendants owe Plaintiff compensation for eighty-four and a half (84 1/2) hours worked from October 16, 2019 through October 26, 2019.

24. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE CLAIM

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-25 as though set forth fully herein and further alleges as follows:

26. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours worked from approximately October 16, 2019 through October 26, 2019.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours worked from approximately October 16, 2019 through October 26, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay him at least minimum wage for all the hours worked from approximately October 16, 2019 through October 26, 2019, and/or

Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned for the hours worked from approximately October 16, 2019 through October 26, 2019.

WHEREFORE Plaintiff, Jose Espitia, demands the entry of a judgment in his favor and against the Defendants, Eventluxe Rentals, LLC, and Gustavo Balmelli, after trial by jury and as follows:

    a) That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216 (b);

    b) That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

    c) That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d) That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    e) That Plaintiff recover all interest allowed by law; and

    f) Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME WAGE CLAIM

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-25 as though set forth fully herein and further alleges as follows:

28. Defendants willfully and intentionally refused to pay Plaintiff time and a half rate of $15.00/hour for each of the overtime hours worked from approximately October 21, 2019 through October 26, 2019.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime compensation for the hours overtime worked from approximately October 21, 2019 through October 26, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime compensation for all overtime hours worked from approximately October 21, 2019 through October 26, 2019, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff overtime compensation earned for the overtime hours worked from approximately October 21, 2019 through October 26, 2019.

WHEREFORE Plaintiff, Jose Espitia, demands the entry of a judgment in his favor and against the Defendants, Eventluxe Rentals, LLC, and Gustavo Balmelli, after trial by jury and as follows:

    a) That Plaintiff recover compensatory overtime compensation damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216 (b);

    b) That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

    c) That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d) That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e) That Plaintiff recover all interest allowed by law; and

f) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 6th day of December, 2019.

Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.   (786) 650-0202
Fax.   (786) 650-0200
Email: office@peregonza.com
*Attorneys for Plaintiff*

By: */s/ Gadiel A. Espinoza, Esq.*
Gadiel A. Espinoza, Esq.
Florida Bar No. 121831
gadiel@PereGonza.com